**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MOBILE HOME ESTATES, INC., Respondent.**

No. 82–1240.

United States Court of Appeals, Sixth Circuit.

Argued April 21, 1983.

Decided May 24, 1983.

Elliott Moore, Deputy Associate Gen. Counsel, Judith Dowd (argued), N.L.R.B., Washington, D.C., for petitioner.

Donald M. Mewhort, Jr., Shumaker, Loop & Kendrick, Timothy C. McCarthy (argued), Toledo, Ohio, for respondent.

Before LIVELY and ENGEL, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board petitions this court to enforce its decision and order, reported at 259 NLRB No. 182, in which it found the respondent in violation of Section 8(a)(1) and (5) for refusing to bargain with the International Union, Allied Industrial Workers, AFL–CIO, and in violation of Section 8(a)(1) and (3) for refusing to reinstate lawful economic strikers. The Board also found the respondent in violation of the Act for interrogating employees and encouraging them to cross the picket line in event of a strike. The respondent does not contest the latter finding.

The employer voluntarily recognized the union in 1972, but when its first contract expired the union rejected the employer's final offer and a strike ensued which lasted for about 10 days. After the strike ended and work resumed at the employer's establishment the union requested bargaining and demanded a list of current employees with addresses, dates of hire and rates of pay. The employer refused to bargain or to deliver this information to the union. The employer also refused to rehire two probationary workers who had joined the strike. The employer contended that it had a good faith, justified belief that the union had lost majority support and that it had accordingly withdrawn recognition of the union to give its employees an opportunity to determine for themselves whether they desired to be represented by the union. The employer also contended that it refused to rehire two probationary striking employees for legitimate business reasons and that this refusal was not a violation of the Act.

The administrative law judge found that withdrawal of recognition from the union was a violation of the Act, but that the employer was justified in not rehiring the two probationary employees. The Board agreed with the administrative law judge with respect to withdrawal of union recognition, but ·found that the employer had failed to establish legitimate reasons for refusing to rehire the two striking probationary employees and ordered them reinstated with back pay. The Board also adopted the recommendation of the administrative law judge and ordered the employer to bargain with the union.

The employer maintains on appeal that it did not violate the Act by withdrawing recognition under the circumstances disclosed by this record and even if withdrawal was a violation of the Act, the remedy is improper. The latter argument rests primarily on the fact that more than six years have now expired since recognition was withdrawn and the present work force consists of people who were never members of the union. The employer also contends that the finding of the Board that it violated the Act by refusing to reinstate two probationary employees is not supported by substantial evidence.

Upon consideration of the briefs and oral arguments of counsel together with the record before the court, we conclude that the Board properly decided all of the issues except that relating to reinstatement of the two probationary employees. The decision of the administrative law judge in this case reflects a thorough and conscientious canvassing of the record. We conclude that the determination of the administrative law judge that the employer did not violate the Act by refusing to reinstate two probationary employees is supported by the record and that the decision of the Board to the contrary is without support. Accordingly, the order of the Board is hereby enforced to the extent that it found the employer in violation of Section 8(a)(1) and (5) for refusing to bargain with the union and in ordering the employer to bargain. Enforcement is denied with respect to that portion of the Board order which directs the reinstatement of probationary employees, John Carpenter and Dale Thomas. The order and notice will be modified accordingly.